IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, #121865, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:13-CV-766-WHA |
| | ) |
| | ) |
| JUDGE KEVIN MOULTON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James L. Robinson, ["Robinson"], an indigent state inmate and frequent litigant before this court. In this complaint, Robinson asserts that the defendants have violated his constitutional rights to due process and equal protection by engaging in a conspiracy to ensure his incarceration beyond the expiration of the determinative sentences. Robinson bases the complaint on his belief that he is incarcerated "past the time set by the [Houston County Circuit Court on concurrent sentences imposed upon him for various criminal offenses on] May 4, 1999" as the purported term of incarceration prescribed was "only 15 years of the 25 [years ordered by the court.]" *Complaint - Doc. No. 1* at 7.[1] Robinson names Kevin Moulton

---

[1] In *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010), a habeas action in which Robinson presented claims challenging convictions/sentences entered against him on May 4, 1999, the record established that on the aforementioned "date, the trial court sentenced Robinson

and Michael Conaway, current state circuit court judges for Houston County, Alabama, Kim Thomas, the Commissioner of the Alabama Department of Corrections, Mark Bruton and Mary Windom, identified simply as state officials, Luther Strange, the Attorney General for the State of Alabama, and Rhonda May, a Houston County official, as defendants in this cause of action.[2]  Robinson seeks issuance of a declaratory judgment which deems the defendants' actions unconstitutional and a criminal offense violative of 18 U.S.C. § 241. *Complaint - Doc. No. 1* at 13.  Robinson also references "be[ing] paid for each day . . . served under illegal imprisonment[,]" *id.* at 6, and requests "all relief to which 42 U.S.C. Sec. 1983 authorize for civil rights violations . . . [but not] release" from incarceration. *Id*. at 13.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

to twenty-five years imprisonment as a habitual offender and did not suspend any portion of the sentences imposed. *Respondents' Exhibit - Court Doc. No. 16-3* at 21, 62-63.  The trial court did, however, order that a portion of the sentences imposed for the challenged convictions run concurrent with other prior convictions [including a 25-year sentence imposed upon Robinson for a burglary conviction in CC-88-125]. *Id*. (Robinson sentenced to imprisonment in the penitentiary for a 'term of 25 years under [Habitual Felony Offender Act], fifteen years thereof to run concurrent with' sentences imposed in previous cases.).)." *Recommendation of the Magistrate Judge - Doc. No. 26* at 1-2, adopted as opinion of the court, *Order of April 7, 2010 - Doc. No. 27*.  Absent any order reducing the 25-year sentence imposed in 1988 and without jail credit, this sentence by its express terms expired sometime in mid-2013, a date Robinson identifies as July 5, 2013. *Complaint - Doc. No. 1* at 10.

[2]Robinson advises that Judge Moulton is on the bench in place of Judge Sidney Edward Jackson, whereas Judge Conaway now sits in the position previously held by Judge C. Lawson Little.  Robinson identifies Judge Jackson as the judge who presided over the 1999 criminal proceedings.

[3]The court entered an order granting Robinson leave to proceed *in forma pauperis* in this cause of action. *Order of October 25, 2013 - Doc. No. 3*.  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted,

## II.  DISCUSSION

Robinson challenges the constitutionality of his confinement pursuant to the concurrent twenty-five year sentences imposed upon him by the Circuit Court of Houston County on May 4, 1999 with respect to five criminal offenses committed in 1998.  Initially, Robinson argues that a January 10, 2010 order issued by Judge Little in the 1988 burglary case granting a motion for time served terminated not only his 1988 sentence but also his 1999 sentences.  *Complaint - Doc. No. 1* at 7.[4]  Robinson further argues that even "without the court's order entered on January 10, 2010 by former Circuit Court Judge C. Lawson Little[,]" he has completed service of all sentences imposed upon him in the 1999 cases pursuant to the terms of the sentencing order entered by Judge Jackson.  *Id*.  In support of the latter argument, Robinson alleges that in ordering the 1999 sentences to run concurrently with other sentences, including the sentence for CC-88-125, the trial court, in essence, required that Robinson serve "only 15 years of the 25 [years]" referenced in the court's May 4, 1999 sentencing order.

---

or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]The record in *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010) contains a certified copy of Robinson's motion to request time served filed in his 1988 burglary case. *Robinson v. Reynolds, et al.*, *supra - Doc. No. 29-2* at 1-2. In this motion, Robinson argued that he should be awarded credit towards his 25-year burglary sentence for all time served on any conviction thereby rendering his burglary sentence complete with approximately three years remaining on such sentence. *Id*. Judge Little granted this motion by a handwritten docket entry in CC-88-185 reducing the sentence in that case to time served thereby terminating the sentence imposed for the 1988 burglary conviction. *Id*. at 3. The order, however, did not reference any other convictions or sentences nor did Judge Lawson enter the order in any other case.

3

The claims presented by Robinson go to the fundamental legality of the length of his current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [sentence's] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck*

4

directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Robinson challenges the constitutionality of his confinement with respect to the length of his current incarceration pursuant to sentences imposed upon him by the Circuit Court of Houston County, Alabama in 1999. A judgment in favor of Robinson on his claims would necessarily imply the invalidity of the length of his incarceration. It is clear from the complaint that the length of the sentences and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate state or federal action; rather, the records of this court demonstrate that such have been declared valid.[5] *Heck* and its progeny

---

[5] As determined in an opinion and order issued in *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010), Robinson's "argument[s] . . . hinge[] on the following patently

therefore bar Robinson's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on the constitutionality of his current confinement on sentences imposed by a state court. *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not

---

erroneous factual assumptions: (1) the 1988 burglary sentence and the 1999 sentences ran concurrently during the entirety of his incarceration on the 1988 sentence, including time served prior to his 1999 convictions; and (2) the order with regard to the 1988 burglary sentence addressed the 1999 sentences imposed against him. . . . (The argument[s] . . . [are] likewise without as the record demonstrates that only the initial 15 years of the 1999 sentences were to run concurrent with the time Robinson had yet to serve on the 1988 sentence. Furthermore, Robinson served the sentences concurrently only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences. That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences. Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect. Finally, the order issued with regard to the 1988 burglary sentence did not reference or address any other sentence and, therefore, did not impact the remaining time of 25 years of the 1999 sentences.") *Robinson v. Reynolds, et al.*, *supra* - July 8, 2013 Opinion and Order at 2, 4-5. In addition, it should be noted that under well established law the trial court had no authority to "back-date" the commencement of Robinson's 1999 sentences by having these sentences commence the same date as his pre-existing sentence imposed in CC-88-125. First, a criminal defendant's sentence begins to run, at the earliest, upon his being held in custody for the offense in question. *Ala. Code* § 14-4-9 (1975) ("When it is specifically ordered in the judgment entry that sentences shall run concurrently, such sentences shall run from the date on which such convict is received . . . for service of the sentence."). Moreover, "[a] sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served." *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972); *United States v. Fiores*, 616 F.2d 840, 841 (5th Cir. 1980) (same). Thus, the concurrent sentences imposed against Robinson on May 4, 1999 could not begin to run, concurrently with any prior sentences or otherwise, prior to their imposition. Although state law entitles an inmate to receive jail credit for time served prior to being convicted and sentenced, it strictly limits such credit to time served awaiting trial on the charge underlying the conviction at issue, i.e., jail credit is not available for any time served prior to commission of an offense, for time served due to revocation of parole or probation nor for more than one crime. *Ala. Code* § 15-18-5 (1975) ("Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. "); *Youngblood v. State*, 437 So.2d 629 (Ala. Crim. App. 1983). (credit for time served for one crime may not be deducted from the term imposed upon conviction of another crime); *see also* Rule 26.9(b)(2), Ala.R.Crim.P. (emphasis added) ("In pronouncing the sentence, the trial court shall . . . [s]tate that a credit will be allowed on the sentence, *as provided by law*, *for time during which the defendant has been incarcerated on the present charge*.").

exhaustion."). "Even a prisoner who has fully exhausted [all] available . . . remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.[6] Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that, on or before **November 12, 2013,** the parties are DIRECTED to file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The

---

[6] Any habeas petition filed by Robinson would be subject to 28 U.S.C. § 2244(d)(1)'s one-year period of limitation applicable and the bar of *res judicata* with respect to the claims for relief previously addressed by this court in *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010). In addition, if Robinson sought to challenge the convictions made the basis of his prior habeas action, the petition would also be subject to summary dismissal as a successive petition unless Robinson had received permission from the Eleventh Circuit Court of Appeals to file the second petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move . . . for [and receive] an order [from a three-judge panel of the Eleventh Circuit] authorizing the district court to consider the application.").

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of October, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE