IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, #121865, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.  3:13cv-766-WHA |
| ) | |
| JUDGE KEVIN MOULTON, et al., ) | (WO) |
| ) | |
| Defendants. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #4), entered on October 28, 2013, Plaintiff's Objections to the Recommendation (Doc. #6), filed on November 12, 2013, the Magistrate Judge's Order (Doc. #11) of December 4, 2013, and the Plaintiff's Objection to that order (Doc. #12), filed on December 16, 2013.

In this 42 U.S.C. § 1983 action, the plaintiff challenges the constitutionality of his confinement based on concurrent sentences imposed upon him by the Houston County Circuit Court in May of 1999.  The Recommendation was entered that  this case be dismissed as the claims go to the fundamental legality of the length of the plaintiff's confinement and, under *Heck* and its progeny, provide no basis for relief at this time.  After plaintiff filed his objection to the Recommendation, he was allowed until December 2, 2013 to file a supplement to his objection. However, no supplemental objection has been filed; instead, the plaintiff, apparently realizing that section 1983 is not the appropriate vehicle to seek release from incarceration, filed a motion to convert his section 1983 complaint to a 28 U.S.C. § 2241 petition for habeas corpus relief.

1

This motion was denied for the reasons set forth in the order entered on December 4, 2013 (Doc. No. 11).

As to the order denying the Plaintiff's motion to convert this case to a § 2241 habeas corpus petition, the court finds that the order was neither clearly erroneous nor contrary to law and, therefore, pursuant to Rule 72(a), *Fed.R.Civ.P.*, it is ORDERED that the Plaintiff's objection to that order is OVERRULED.  The court will now address the objection to the Magistrate Judge's Recommendation.

The plaintiff's arguments in his objection are refuted by the findings contained in the Recommendation.  Specifically, as noted therein:

> [I]n an opinion and order issued in *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010), Robinson's "argument[s] . . . hinge[] on the following patently erroneous factual assumptions: (1) the 1988 burglary sentence and the 1999 sentences ran concurrently during the entirety of his incarceration on the 1988 sentence, including time served prior to his 1999 convictions; and (2) the order with regard to the 1988 burglary sentence addressed the 1999 sentences imposed against him. . . .  (The argument[s] . . . [are] likewise without [merit] as the record demonstrates that only the initial 15 years of the 1999 sentences were to run concurrent with the time Robinson had yet to serve on the 1988 sentence.  Furthermore, Robinson served the sentences concurrently only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences.  That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences.  Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in

full force and effect. Finally, the order issued with regard to the 1988 burglary sentence did not reference or address any other sentence and, therefore, did not impact the remaining time of 25 years of the 1999 sentences.") *Robinson v. Reynolds, et al.*, *supra* - July 8, 2013 Opinion and Order at 2, 4-5.

In addition, it should be noted that under well established law the trial court had no authority to "back-date" the commencement of Robinson's 1999 sentences by having these sentences commence the same date as his pre-existing sentence imposed in CC-88-125. First, a criminal defendant's sentence begins to run, at the earliest, upon his being held in custody for the offense in question. *Ala. Code* § 14-4-9 (1975) ("When it is specifically ordered in the judgment entry that sentences shall run concurrently, such sentences shall run from the date on which such convict is received . . . for service of the sentence."). Moreover, "[a] sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served." *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972); *United States v. Fiores*, 616 F.2d 840, 841 (5th Cir. 1980) (same). Thus, the concurrent sentences imposed against Robinson on May 4, 1999 could not begin to run, concurrently with any prior sentences or otherwise, prior to their imposition. Although state law entitles an inmate to receive jail credit for time served prior to being convicted and sentenced, it strictly limits such credit to time served awaiting trial on the charge underlying the conviction at issue, i.e., jail credit is not available for any time served prior to commission of an offense, for time served due to revocation of parole or probation nor for more than one crime. *Ala. Code* § 15-18-5 (1975) ("Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense."); *Youngblood v. State*, 437 So.2d 629 (Ala. Crim. App. 1983). (credit for time served for one

crime may not be deducted from the term imposed upon conviction of another crime); *see also* Rule 26.9(b)(2), Ala.R.Crim.P. (emphasis added) ("In pronouncing the sentence, the trial court shall . . . [s]tate that a credit will be allowed on the sentence, *as provided by law*, *for time during which the defendant has been incarcerated on the present charge*.").

Consequently, following an independent evaluation and *de novo* review of the file in this case, the plaintiff's objection is hereby OVERRULED, the Recommendation of the Magistrate Judge is ADOPTED, and it is hereby

ORDERED that this case is DISMISSED without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

DONE this 9th day of January, 2014.

        /s/ W. Harold Albritton
        W. HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE